**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JENNIFER GROSSMAN,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 1:24-cv-00361** |
| **VS.** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **AND WAL-MART INC.,** | § | |
| *Defendants.* | § | |

**NOTICE OF REMOVAL**

Defendants **WAL-MART STORES TEXAS, LLC AND WAL-MART INC.**
(hereinafter "Defendants"), file this Notice of Removal of the above-styled action pursuant to 28
U.S.C. § 1446(a) and would respectfully represent and show unto this Court the following:

**A. Introduction**

1.     Defendants have filed their Civil Cover Sheets pursuant to Local Rule 3.1 and Local
Rule 81.1. *See* **Exhibit A.**

2.     On or about February 22, 2024, Plaintiff **JENNIFER GROSSMAN** ("Plaintiff")
initiated the state court lawsuit against Defendants in the 53rd Judicial District Court of Travis
County, styled *Jennifer Grossman v. Wal-Mart Stores Texas, LLC and Wal-Mart Inc.*; Cause No.
D-1-GN-24-001174 (the "State Court Action"). In the State Court Action, Plaintiff alleged a cause
of action for premises liability against Defendants. In addition, Plaintiff seeks to recover damages
for pain and suffering in the past; pain and suffering in the future; mental anguish in the past;
mental anguish in the future; past medical expenses; future medical expenses; physical impairment
in the past; physical impairment in the future; physical disfigurement in the past; physical
disfigurement in the future; lost wages in the past; loss of future wage-earning capacity; loss of

use; pre-judgment interest; post-judgment interest. *See Plaintiff's Original Petition*, attached

hereto as **Exhibit B.**

      3.      The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Plaintiff – Jennifer Grossman | Hunter Wallen<br>Texas Bar No. 24125955<br>MCKINNEY VOS, PLLC<br>9600 Great Hills Trail, Suite 105W<br>Austin, TX 78759<br>Phone: 512-457-8991<br>Direct: 512-617-9579<br>Fax: 512-359-5527<br>Email: hwallen@mckinneyvos.com<br>Eservice: eservice@mckinneyvos.com |
| Defendants - Wal-Mart Stores Texas, LLC and Wal-Mart Inc. | Brett H. Payne<br>Texas Bar No. 00791417<br>WALTERS, BALIDO & CRAIN, L.L.P.<br>9020 N. Capital of Texas Highway<br>Building I, Suite 170<br>Austin, Texas 78759<br>Phone: 512-472-9000<br>Fax: 512-472-9002<br>Email: paynevfax@wbclawfirm.com |

      4.      The name and address of the court from which the case is being removed is as follows:

> 53rd Judicial District Court
> The Honorable Maria Cantu Hexsel
> Travis County Courthouse
> 1700 Guadalupe, 8th Floor
> Austin, Texas 78701
> Phone: (512) 854-9308
> Fax: (512) 854-9332
> Mailing Address:
> P.O. Box 1748
> Austin, Texas 78767

## B. The Notice Of Removal Is Timely

      5.      Defendants' agent was served with citation and a copy of Plaintiff's Original

Petition on or about March 6, 2024. *See* **Exhibit C**. Pursuant to 28 U.S.C. § 1446(b), Defendants'

Notice of Removal was filed within thirty (30) days after receipt by Defendants, through service

or otherwise, of a copy of an initial pleading from which it may first be ascertained that the case

is one which is or has become removable.

### C. <u>Complete Diversity & Amount In Controversy Is Over the Threshold</u>

6.       Pursuant to the State Court Action, at the time of the filing of this Petition, Plaintiff

Jennifer Grossman was, and is still, a citizen and resident of Travis County, Texas.

7.       Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this

action a Delaware Limited Liability Company with its principal place of business in Arkansas.

The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey*

*Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is

the sole member of Wal-Mart Stores Texas, LLC.

8.       Wal-Mart Real Estate Business Trust is a statutory business trust organized under

the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship

of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold*

*Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York*

*Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir.

2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y.

Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust]

considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real

Estate Business Trust is Wal-Mart Property Co.

9.       A corporation is "'a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap*

*Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.

10.     Defendant Wal-Mart Inc. is now, and was at all times relevant hereto, an incorporated entity under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. Defendant's corporate headquarters, including officers and directors, is located at 702 S.W. 8th Street, Bentonville, Arkansas 72716-8312.

11.     Accordingly, for diversity purposes, Wal-Mart Stores Texas, LLC and Walmart Inc. are citizens of Delaware and Arkansas. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

12.     In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1332(c)(1) 1441(b).

13.     Further, the case involves an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). In the State Court Action, Plaintiff alleges she seeks "monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00.)**" See **Exhibit B**. Thus, the amount in controversy in the instant case meets the requirements for removal.

14.     Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* **Exhibit D**.

### D. Basis for Removal

15.     Because this is a civil action of which the District Courts of the United States have

original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, Defendants' principal places of business are located in Arkansas, and the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### E. **Filing of Notice with State Court**

16.     Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her attorney of record and to the clerk of the state court action.

### F. **Prayer**

17.     **WHEREFORE, PREMISES CONSIDERED,** Defendants Wal-Mart Stores Texas, LLC and Wal-Mart Inc. request that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

BY:     */s/ Brett H. Payne*_____
Brett H. Payne
Texas Bar Number 00791417
WALTERS, BALIDO & CRAIN, L.L.P.
Great Hills Corporate Center
9020 N. Capital of Texas Highway
Building I, Suite 170
Austin, Texas 78759
Phone: 512-472-9000
Fax: 512-472-9002
Email: paynevfax@wbclawfirm.com

**ATTORNEY FOR DEFENDANTS
WAL-MART STORES TEXAS, LLC AND
WAL-MART INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered via electronic service in accordance with the Federal Rules of Civil Procedure, on the 5th day of April 2024 to the following parties or attorneys of record:

Hunter Wallen
MCKINNEY VOS, PLLC
9600 Great Hills Trail, Suite 105W
Austin, TX 78759
Phone: 512-457-8991
Direct: 512-617-9579
Fax: 512-359-5527
Email: hwallen@mckinneyvos.com
Eservice: eservice@mckinneyvos.com

*/s/ Brett H. Payne*_____
BRETT H. PAYNE