# EXHIBIT B
# 1:24-CV-00361

2/22/2024 2:26 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-001174
Selina Hamilton

D-1-GN-24-001174

**CAUSE NO. ____________________**

| | | |
|---|---|---|
| **JENNIFER GROSSMAN,** | § | **IN THE DISTRICT COURT** |
| ***Plaintiff*** | § | 53RD, DISTRICT COURT |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC and** | § | |
| **WAL-MART INC.,** | § | |
| ***Defendants*** | § | **TRAVIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES JENNIFER GROSSMAN**, hereinafter referred to by name or as Plaintiff, and complains of **WAL-MART STORES TEXAS, LLC** and **WAL-MART INC.**, hereinafter referred to by name and/or as Defendants, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

**1.** Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

**2.** Plaintiff **JENNIFER GROSSMAN** (DL#: XXXXX085) is an individual residing in Travis County, Texas.

3. Defendant **WAL-MART STORES TEXAS, LLC** is a foreign liability company operating in the state of Texas whose principal place of business is 702 SW 8TH Street, Bentonville, Arkansas 72716, and may be served with process by serving their registered agent, C T Corporate System at 1999 Bryan Street, STE 900, Dallas, Texas 75201.

4. Defendant **WAL-MART INC.** is a foreign liability company operating in the state of Texas whose principal place of business is 702 SW 8TH Street, Bentonville, Arkansas 72716, and may be served with process by serving their registered agent, C T Corporate System at 1999 Bryan Street, STE 900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

5. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendants do business in Texas.

6. Venue is proper in Travis County in this cause pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1) because TRAVIS County is the county in which the events or omissions giving rise to this claim occurred.

## IV.
## FACTS

7. On or about March 26, 2022, Plaintiff **JENNIFER GROSSMAN** was a business patron at WAL-MART, Facility No. 3569, located at 12900 No. I-35 Svc Rd Sb, Austin, Texas 78753 in Travis County, Texas. WAL-MART, Facility No. 3569 is owned and operated by Defendant **WAL-MART STORES TEXAS, LLC,** a subsidiary of parent company **WAL-MART INC.** At that time, Plaintiff **JENNIFER GROSSMAN** tripped over a wooden

pallet on the floor that partially obstructed the walkway. As a result of Defendants failure to maintain a safe premises, Plaintiff sustained severe injuries. pallet that was partially proceeded to exit the Property at or about 9:00 pm after leaving a tenant restaurant located at the Property.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT WAL-MART STORES TEXAS, LLC

### *A. PREMISES LIABILITY*

8. Defendant **WAL-MART STORES TEXAS, LLC** was in possession of the premises, WAL-MART, Facility No. 3569.

9. Plaintiff **JENNIFER GROSSMAN** was a business patron and therefore an invitee.[1]

10. A condition on the Defendant **WAL-MART STORES TEXAS, LLC**'s premises posed an unreasonable risk of harm.

11. At the time of the occurrence made the basis of this lawsuit, Defendant **WAL-MART STORES TEXAS, LLC** knew, or should have known, of dangerous conditions on the premises that posed an unreasonable risk to Plaintiff and others similarly situated.

12. Defendant **WAL-MART STORES TEXAS, LLC** owed Plaintiff **JENNIFER GROSSMAN** a duty to use reasonable care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

13. Defendant **WAL-MART STORES TEXAS, LLC** breached its duty of care to Plaintiff by both failing to warn Plaintiff of the dangerous condition and failing to make the condition

---

[1] *E.g., Adam Dante Corp. v. Sharpe.*, 483 S.W.2d 452, 454 (Tex. 1972).

reasonably safe. Defendant's breach of said duties proximately caused Plaintiff's injuries set forth herein.

### *B. Negligence and Negligent Activity*

14. Plaintiff contends, alternatively and without waiving the foregoing cause(s) of action, that Defendant **WAL-MART STORES TEXAS, LLC**, and/or its agents, servants, and employees, negligently permitted the occurrence underlying the basis of this lawsuit to occur. But for Defendant's failure to exercise due care to protect and safeguard Plaintiff from dangerous conditions on their premises, Plaintiff would not have been injured. Plaintiff's injuries were a reasonably foreseeable consequence of Defendant's negligence.

15. The negligent, careless and reckless disregard of duty by Defendant **WAL-MART STORES TEXAS, LLC**, broadly characterized as failure to safeguard Plaintiff from unreasonably dangerous conditions as set forth above, specifically consisted of, but is not limited to, the following acts and/or omissions by Defendant:

i. **Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendants' premises;**
ii. **Failing to inspect the store restroom entrance and properly maintain it;**
iii. **Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;**
iv. **Failing to provide for the safety of Plaintiff under the circumstances;**
v. **Failing to warn invitees, including Plaintiff, that the area in question should be approached with caution;**
vi. **Negligently maintaining the area in question in such a way so as to constitute a negligent activity;**
vii. **Failing to warn invitees, including Plaintiff, that there was a dangerous condition which required extra care to be taken while walking through that area;**
viii. **Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and**

ix. **Failing to remove the dangerous condition or warn of its existence**

**16.** Each of these acts and/or omissions of Defendant **WAL-MART STORES TEXAS, LLC,** whether taken singularly or in any combination, constitutes negligence, which proximately caused the injuries, losses, and other damages suffered by Plaintiff.

### *C. Respondeat Superior*

**17.** At all times material hereto, all the agents, servants, and employees of Defendant who were connected with the occurrence made the subject of this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous condition on the premises, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition of the premises. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as was the situation with Plaintiff. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT WAL-MART INC.

### *D. Premises Liability*

**18.** Defendant **WAL-MART INC.** was in possession of the premises, WAL-MART, Facility No. 3569.

19. Client **JENNIFER GROSSMAN** was a business patron and therefore an invitee.[2]

20. A condition on the Defendant **WAL-MART INC.**'s premises posed an unreasonable risk of harm.

21. At the time of the occurrence made the basis of this lawsuit, Defendant **WAL-MART INC.** knew, or should have known, of dangerous conditions on the premises that posed an unreasonable risk to Plaintiff and others similarly situated.

22. Defendant **WAL-MART INC.** owed Plaintiff **JENNIFER GROSSMAN** a duty to use reasonable care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

23. Defendant **WAL-MART INC.** breached its duty of care to Plaintiff by both failing to warn Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Defendant's breach of said duties proximately caused Plaintiff's injuries set forth herein.

### *E. NEGLIGENCE AND NEGLIGENT ACTIVITY*

24. Plaintiff contends, alternatively and without waiving the foregoing cause(s) of action, that Defendant **WAL-MART INC.**, and/or its agents, servants, and employees, negligently permitted the occurrence underlying the basis of this lawsuit to occur. But-for Defendant's failure to due care to protect and safeguard Plaintiff from dangerous conditions on their premises, Plaintiff would not have been injured. Plaintiff's injuries were a reasonably foreseeable consequence of Defendant's negligence.

---

[2] *Id.*

**25.** The negligent, careless and reckless disregard of duty by Defendant **WAL-MART INC.**, broadly characterized as failure to safeguard Plaintiff from unreasonably dangerous conditions as set forth above, specifically consisted of, but is not limited to, the following acts and/or omissions by Defendant:

x. **Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendants' premises;**

xi. **Failing to inspect the store restroom entrance and properly maintain it;**

xii. **Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;**

xiii. **Failing to provide for the safety of Plaintiff under the circumstances;**

xiv. **Failing to warn invitees, including Plaintiff, that the area in question should be approached with caution;**

xv. **Negligently maintaining the area in question in such a way so as to constitute a negligent activity;**

xvi. **Failing to warn invitees, including Plaintiff, that there was a dangerous condition which required extra care to be taken while walking through that area;**

xvii. **Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and**

xviii. **Failing to remove the dangerous condition or warn of its existence**

**26.** Each of these acts and/or omissions of Defendant **WAL-MART INC.**, whether taken singularly or in any combination, constitutes negligence and negligence per se and gross negligence, which proximately caused the injuries, losses, and other damages suffered by Plaintiff.

### *F. RESPONDEAT SUPERIOR*

**27.** At all times material hereto, all the agents, servants, and employees of Defendant who were connected with the occurrence made the subject of this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their

office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous condition on the premises, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition of the premises. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as was the situation with Plaintiff. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

## VII.
## DAMAGES

**28.** As a direct and proximate result of the negligent conduct of the Defendants, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated Plaintiff's injuries since the incident at issue in this lawsuit. These injuries may be permanent in nature. These injuries have adversely affected Plaintiff's health, well-being, and the quality of Plaintiff's daily life and activities. As a further result of the nature and consequences of their injuries, Plaintiff has suffered, and will continue to suffer into the future, physical pain and mental anguish.

**29.** As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and will likely incur future medical expenses to treat such injuries.

**30.** By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which Plaintiff now sues.

**31.** Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL

PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

**32.** Plaintiff further requests both pre-judgment and post-judgment interest on all Plaintiff's damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

**33.** Plaintiff **JENNIFER GROSSMAN** demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## X.
## REQUIRED DISCLOSURES

**34.** Pursuant to TEX. R. CIV. P. 194, Defendants are required to disclose, within thirty (30) days after answer is filed, the information and material described in each section of RULE 194.2.

## XI.
## NOTICE OF SELF-AUTHENTICATION

**35.** Pursuant to TEX. R. CIV. P. 193.7, Defendants are hereby placed on notice that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendant be cited to appear and answer, and on final trial hereafter, Plaintiff has judgment against Defendant, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and

**Respectfully submitted,**

**MCKINNEY VOS PLLC**
9600 Great Hills Trail, STE. 105W
Austin, Texas 78759
Phone: (512) 457-8991
Direct: (512) 617-9579
Fax. (512) 359-5527
Mail: P.O. Box 530317, Atlanta, GA 30353

*/s/ Hunter Wallen*
**Hunter Wallen**
State Bar No. 24125955
HWallen@McKinneyVos.com
eservice@McKinneyVos.com
**ATTORNEYS FOR PLAINTIFFS**